# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CHAVEZ, CDCR#P-06885, <br><br>                      Plaintiff, <br><br>vs. <br><br>JASON HANSSON, M.D., LEO SALDIVAR, M.D., CRAIG KAISER, M.D.; <br><br>                      Defendants. | Civil No.   07-1405 LAB (CAB) <br><br>**ORDER:** <br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $10.04 INITIAL PARTIAL FILING FEE, GARNISHING $339.96 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];** <br><br>**AND** <br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

      Ernesto Chavez, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility ("RJDCF") located in San Diego, California, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that RJDCF have been deliberately indifferent to his serious mental health needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Compl. at 3.) Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

I.     **Motion to Proceed IFP [Doc. No. 2]**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows an average monthly balance and deposits of $50.18 and a current available balance of $226.18. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $10.04 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

Here, the Court finds that Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, Plaintiff is entitled to U.S. Marshal service on his behalf. *Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

**III.    Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2.  The Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect the $10.04 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.*  THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the $339.96 balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO THIS ACTION.

4.  The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5.  The Clerk shall issue a summons for Defendants, provide Plaintiff with a certified copy of both this Order and his Complaint [Doc. No. 1], and forward them to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants.  Plaintiff shall complete the Form 285s and forward them to the United States Marshal within a reasonable amount of time such that the U.S. Marshal can timely serve the Defendants within the 120 days provided by FED.R.CIV.P. 4(m).  The U.S. Marshal shall, after receiving Plaintiff's completed Form 285s, serve a copy of the Complaint, its Exhibits and summons upon Defendants as directed by

1  Plaintiff on each U.S. Marshal Form 285.  All costs of service shall be advanced by the United
2  States.  *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).
3        6.  Plaintiff shall serve upon Defendants or, if appearance has been entered by
4  counsel, upon Defendants' counsel, a copy of every further pleading or other document
5  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be
6  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
7  of any document was served on Defendants, or counsel for Defendants, and the date of service.
8        Any paper received by the Court which has not been filed with the Clerk or which fails
9  to include a Certificate of Service will be disregarded.
10       **IT IS SO ORDERED.**
11
12 DATED: October 31, 2007
13
14                                     **HONORABLE LARRY ALAN BURNS**
                                    United States District Judge