# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CHAVEZ,<br>CDCR #P-06885,<br><br>                            Plaintiff,<br><br>vs.<br><br>JASON HANSSON, M.D.;<br>LEO SALDIVAR, Ph.D;<br>CRAIG KAISER, M.D.,<br><br>                            Defendants. | Civil No.   07-1405 LAB (CAB)<br><br>**ORDER REGARDING<br>PLAINTIFF'S LETTER**<br>**[Doc. No. 9]** |

Plaintiff, a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF") in San Diego, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges two RJDCF staff psychiatrists (Defendants Hansson and Kaiser) and a staff psychologist (Defendant Saldivar) have acted with deliberate indifference to his serious mental health needs in violation of his Eighth Amendment. (*See* Compl. at 3.)   Plaintiff seeks no damages, only injunctive relief preventing Defendants from removing him from the "Enhanced Outpatient Program" ("EOP") and requiring "adequate and proper psych[iatric] treatment," including "the correct medications." (*Id.* at 7.)

/ / /

On November 1, 2007, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and directed the U.S. Marshal to effect service of the summons and Complaint upon the Defendants pursuant to Fed.R.Civ.P. 4(c)(2) and 28 U.S.C. § 1915(d) [Doc. No. 3]. Since then, the U.S. Marshal has been unable to execute service as to Defendants Hanssson and Saldivar [Doc. Nos. 5-6].[1] The U.S. Marshal has successfully executed service upon Defendant Kaiser, however, and on January 14, 2008, Defendant Kaiser filed a waiver of personal service pursuant to FED.R.CIV.P. 4(d) [Doc. No. 6].

On January 18, 2008, Plaintiff submitted a letter addressed to the Clerk of Court, which the Court accepted for filing despite its failure to comply with S.D. CAL. CIVLR 77.2 [Doc. Nos. 8, 9]. In this letter, Plaintiff both advises the Court of the U.S. Marshal's service upon defendant Kaiser, but also asserts that "on or about January 11, 2008, [he] was threatened by [his] current primary care psychologist with removal" from the EOP, in which he has "been a participant for well over nine (9) years." *See* Letter at 1. Plaintiff acknowledges that his "continued [EOP] treatment is "the heart of his civil rights complaint and injunctive relief which [he] is requesting."

To the extent Plaintiff's letter may be liberally construed to be a request for preliminary injunctive relief under FED.R.CIV.P. 65, however, Plaintiff must demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury ... if preliminary relief is not granted, (3) a balance of hardships favoring [him], and (4) advancement of the public interest (in certain cases)." *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (citing *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995)) (internal quotation marks and citation omitted). Alternatively, injunctive relief could be granted if

---

[1] The Court notes that the U.S. Marshal Service returned Plaintiff's attempts to serve defendants Hansson and Saldivar unexecuted on January 2, 2008, noting that the Litigation Coordinator at RJDCF informed them that neither of these parties is employed at RJDCF. See Doc. Nos. 5-6. Plaintiff is hereby advised that unless he corrects this deficiency in service, both defendants Hansson and Saldivar will be subject to dismissal pursuant to FED.R.CIV.P. 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service of the summons and complaint within 120 days, sua sponte dismissal of the unserved defendants is appropriate); *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge").

1  Plaintiff "demonstrates 'either a combination of probable success on the merits and the
2  possibility of irreparable injury or that serious questions are raised and the balance of hardships
3  tips sharply in his favor.'" *Id.* (citation omitted). "These two alternatives represent 'extremes
4  of a single continuum,' rather than two separate tests." *Clear Channel Outdoor Inc. v. City of
5  Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003) (citation omitted).

6  Here, Plaintiff's letter, by itself, is simply not sufficient to show either a strong likelihood
7  of success on the merits or the irreparable injury required to justify immediate injunctive relief.
8  *Beardslee*, 395 F.3d at 1067. While the Court has found Plaintiff's Complaint sufficient to
9  survive the initial screening required by 28 U.S.C. § 1915(e)(2) and § 1915A, this case is in the
10 preliminary pleading stages. Thus, there is yet no evidence from which the Court may determine
11 the likelihood that Plaintiff will actually prevail on the merits of his Eighth Amendment claims.

12 In addition, Plaintiff's letter states that his "case manager, Dr. Bahro, Ph.D, stat[ed] [his]
13 removal is imminent, even though there are records which state [he is ] mentally ill." (*See* Pl.'s
14 Letter at 1.) To the extent Plaintiff seeks injunctive relief preventing Dr. Bahro from removing
15 him from the EOP however, the Court has no jurisdiction. A federal district court may issue an
16 injunction only if it has personal jurisdiction over the parties and subject matter jurisdiction over
17 the lawsuit. The court may not attempt to determine the rights of persons not before the court.
18 *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*,
19 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d), an
20 injunction binds only "the parties to the action, their officers, agents, servants, employees, and
21 attorneys, and ... those persons in active concert or participation with them who receive actual
22 notice of the order ...." The district court must, therefore, tailor the injunction to affect only
23 those persons over which it has power. *See Gardner v. Westinghouse Broadcasting Co.*, 437
24 U.S. 478, 481 (1978). A district court lacks authority to issue an injunction directed at an entity
25 that is not a party before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112
26 (1969).

27 / / /
28 / / /

As noted above, Plaintiff's Complaint names only three RJDCF officials as defendants: Jason Hansson, M.D., Leo Saldivar, Ph.D, and Craig Kaiser, M.D. Dr. Bahro, who is mentioned in Plaintiff's letter, is not named in his Complaint and therefore, is not a party to this action. The only party over whom this Court currently has personal jurisdiction is Dr. Kaiser; however, Plaintiff's letter does not seek injunctive relief as to him. Therefore, this Court lacks the power to grant the injunctive relief Plaintiff appears to seek. *See Zepeda*, 753 F.2d at 727-28.

**Conclusion and Order**

For all these reasons, the Court hereby finds that to the extent Plaintiff's letter seeks preliminary injunctive relief, it must be denied without prejudice at this time.

IT IS SO ORDERED.

DATED: January 31, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge