# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CHAVEZ, CDCR #P06885,<br><br>                    Plaintiff,<br>    vs.<br><br>JASON HANSSON, M.D., LEO SALDIVAR, M.D., CRAIG KAISER, M.D.;<br><br>                    Defendants. | CASE NO. 07cv1405-LAB (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

    Plaintiff, a prisoner proceeding *pro se*, filed a complaint alleging he had been denied necessary psychiatric care. Defendant C. Kaiser, a staff psychiatrist at R. J. Donovan State Prison ("Donovan") where Plaintiff is being held, filed a motion to dismiss. Plaintiff also named two other Defendants, although he has never served them nor have they appeared.

    The motion to dismiss was referred to Magistrate Judge Cathy Ann Bencivengo for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3(a). On March 14, 2008, Judge Bencivengo issued her report and recommendation (the "R&R"), finding Plaintiff had not exhausted his administrative remedies and recommending dismissal without prejudice on that basis.

///

## I. Legal Standards

The district court has jurisdiction to review the Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo <u>if objection is made</u>, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## II. Discussion

Plaintiff filed no timely opposition to the motion to dismiss.[1] On March 20, 2008, however, his opposition was accepted for filing *nunc pro tunc* to March 13, 2008.[2] The opposition is significantly late without explanation or excuse, and no motion to extend the time for filing the opposition was filed. Although the Court construes the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff has filed no objection to the R&R. The Court therefore construes his late-filed opposition as his objections to the R&R.

### A. Dismissal of Unserved Defendants

Plaintiff filed his complaint in this case on August 1, 2007. Summonses as to Defendants Saldivar and Hansson were returned unexecuted on January 2, 2008, and Plaintiff has made no subsequent attempt to serve these Defendants.

---

[1] Under Civil Local Rule 7.1(e)(2), the opposition should have been filed no later than 14 calendar days before the hearing date on the motion to dismiss, which was March 14.

[2] Although it is unclear when Plaintiff delivered his opposition to prison authorities for mailing, it is dated March 11. Plaintiff's opposition and the R&R crossed in the mail. Plaintiff's opposition was mailed before the R&R was issued, and it was received in the Clerk's office on March 13. On March 14 the Clerk's office forwarded it to chambers, and the opposition was accepted for filing by discrepancy order signed March 18, 2008. In effect, Plaintiff's opposition and the R&R crossed in the mail.

The R&R recommended dismissal without prejudice of claims against these Defendants under Fed. R. Civ. P. 4(m) for failure to timely serve them with process. This recommendation provided Plaintiff with notice his claims against these Defendants might be dismissed under rule 4(m), and he was given an opportunity to respond. Plaintiff has not objected to this recommendation or otherwise attempted to show good cause for his failure to serve these Defendants, and the Court finds the recommendation correct.

### B.    Dismissal for Failure to Exhaust Administrative Remedies

In accordance with guidance set forth in *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368–69 (9th Cir. 1988), Judge Bencivengo considered Defendant's sworn declarations and determined Plaintiff had failed to exhaust his administrative remedies. Specifically, Defendant Kaiser submitted a declaration showing Plaintiff had submitted one appeal alleging Plaintiff was improperly removed from a treatment program, and Plaintiff's request to be reinstated was granted. (R&R at 4:18–22.) He submits a second declaration showing a search had been made for all third-level appeals filed or submitted by Plaintiff relating to psychiatric treatment while he was at Donovan, and none were found. (*Id.* at 4:23–26.)

Plaintiff, in both his complaint and his opposition (which the Court construes as his objections to the R&R), merely asserted he properly exhausted his remedies. The only specific fact supporting this conclusion was his assertion he sent "documentation" to the head of health care services for the California Department of Corrections and Rehabilitation. (Compl. at 6; Opp'n at 2:9–13.) He does not explain what documentation he sent or when he sent it, whether before or after filing suit. In his complaint, he says his requests were partially granted. (Compl. at 6.) He provided no evidence in support of any of these contentions.

Plaintiff's objection to the R&R's conclusion that he did not properly exhaust his administrative remedies before filing suit is therefore **OVERRULED**.

/ / /

/ / /

**III.    Conclusion and Order**

For these reasons, the Court **ADOPTS** the R&R.  All claims against Defendants Saldivar and Hansson are **DISMISSED WITHOUT PREJUDICE** for failure to timely serve them with process.  Defendant Kaiser's motion to dismiss is **GRANTED**, and the remainder of the complaint, consisting of claims against Defendant Kaiser, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

DATED: June 20, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge